UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:15-cr-351-VMC-AAS

DONAVAN ANTWAN DANIELS

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Donavan Antwan Daniels' Unopposed Motion for Early Termination of Supervised Release (Doc. # 99), filed on April 1, 2026. The Motion is denied.

## Discussion

Pursuant to 18 U.S.C. § 3583(e),

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

In November 2016, Mr. Daniels was sentenced to a below-guidelines sentence of 151 months' imprisonment, followed by

1

five years of supervised release, for conspiracy to possess with intent to distribute 28 grams or more of crack cocaine. (Doc. # 53). In April 2019, his sentence was reduced to 110 months' imprisonment. (Doc. # 63). In May 2019, his sentence was further reduced to 92 months' imprisonment. (Doc. # 71). Mr. Daniels began his supervised release on July 12, 2022, which is scheduled to terminate on July 11, 2027. (Doc. # 99 at 2).

Now, Mr. Daniels seeks early termination of his supervised release. (Id.). Mr. Daniels has completed over half of his supervised release term. He emphasizes that he has satisfied all conditions of his supervised release. (Id. at 5). He has been employed since his release from incarceration and works as a forklift operator. (Id. at 4-5). "Mr. Daniels is supporting his family and all of his urine screens have been negative." (Id. at 5).

The Court applauds Mr. Daniels on his good behavior on supervision and the positive steps he has taken in his life. Nevertheless, the Court does not believe that early termination is appropriate based on Mr. Daniels' compliance with the terms of his supervision. See Karacsonyi v. United States, 152 F.3d 918 (2d Cir. 1998) ("Although Karacsonyi argued that he had complied with the terms of his supervised

2

release, he did not allege that his behavior was 'exceptionally good.' Full compliance, after all, is merely what is expected of all people serving terms of supervised release."); United States v. Graham, No. 2:16-cr-326-ECM, 2024 WL 5080233, at *2 (M.D. Ala. Dec. 11, 2024) ("While the Court appreciates the fact that the Defendant has complied with the conditions imposed on him by this Court, the Court finds that the Defendant's compliance is the minimum expectation and is not an adequate, independent basis for early termination of supervised release."). While Mr. Daniels has been compliant and made progress towards rehabilitation, his behavior does not rise to the level of "exceptionally good" conduct that justifies early termination.

Furthermore, the Court originally sentenced Mr. Daniels below the guidelines range and twice reduced Mr. Daniels' sentence in the years that followed. (Doc. ## 52, 53, 63, 71). When such consideration has been shown as to the term of imprisonment, the Court feels that early termination of supervised release is rarely warranted. Considering all the above and the relevant Section 3553(a) factors, the Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Donavan Antwan Daniels' Unopposed Motion for Early Termination of Supervised Release (Doc. # 99) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE